# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MILITA DOLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTER-CONTINENTAL HOTELS CORPORATION, and INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.,<br><br>Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Milita Dolan, on behalf of herself and the proposed class (defined below), brings this action against Inter-Continental Hotels Corporation and Intercontinental Hotels Group Resources, Inc. ("Defendants"):

## INTRODUCTION

1. For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

1

2. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3. Defendants collectively own and/or operate various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4. Because of their inadequate corporate policy, Defendants have failed to make transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendants have engaged in violations of the ADA, and requiring Defendants to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to nondisabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendants because they own and/or operate multiple hotels located in Georgia, including Staybridge Suites Alpharetta-

North Point in Alpharetta, Georgia (the "Staybridge Alpharetta") and Staybridge Suites Atlanta Perimeter Center in Atlanta, Georgia (the "Staybridge Atlanta Perimeter").

8. Venue in the Northern District of Georgia is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred and under 28 U.S.C. § 1391(b)(1) because Defendants' principal place of business is in Atlanta, Georgia.

## PARTIES

9. Plaintiff Milita Dolan, at all times relevant hereto, is and was a resident of Pembroke Pines, Florida.

10. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendants' goods and services.

3

13. Defendants, Inter-Continental Hotels Corporation and Intercontinental Hotels Group Resources, Inc., are organized under the laws of Delaware with their principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia.

## FACTUAL ALLEGATIONS

14. Defendants own, manage, and/or operate many hotels throughout the United States.

15. As part of these operations, Defendants provide their customers with transportation services, including, but not limited to, complimentary shuttle services.

16. Plaintiff travels often to the Atlanta, Georgia area to visit family and stays at hotels. When doing so, Plaintiff often requires the use of accessible vehicles for travel.

17. Within the applicable limitations period, Plaintiff called the Staybridge Alpharetta and was told by an agent of Defendants that the Staybridge Alpharetta provides a complimentary shuttle service for guests.

18. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible and was told that Defendants would not provide an alternative transportation service.

19. Plaintiff travels often to the Atlanta, Georgia area to visit family and stays at hotels. When doing so, Plaintiff sometimes requires the use of accessible vehicles for travel.

20. Within the applicable limitations period, Plaintiff called the Staybridge Atlanta Perimeter and was told by an agent of Defendants that the Staybridge Atlanta Perimeter provides a complimentary shuttle service for guests.

21. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible and was told that Defendants would not pay for an alternative transportation service.

22. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

23. The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Staybridge Alpharetta and the Staybridge Atlanta Perimeter, Defendants own and/or manage a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

24. These hotels include, but are not limited to, the following locations:

   A. Staybridge Suites San Jose, located in San Jose, CA;

   B. Staybridge Suites Chatsworth, located in Chatsworth, CA;

C.  Staybridge Suites San Diego – Sorrento Mesa, located in San Diego, CA;

D.  Staybridge Suites San Diego Rancho Bernardo Area, located in San Diego, CA;

E.  Staybridge Suites San Francisco Airport, located in San Bruno, CA;

F.  Staybridge Suites Sunnyvale, located in Sunnyvale, CA;

G.  Staybridge Suites Torrance/Redondo Beach, located in Torrance, CA;

H.  Staybridge Suites Ft. Lauderdale – Plantation, located in Plantation, FL;

I.  Hyatt Place Kansas City/Overland Park/Convention Center, located in Overland Park, KS;

J.  Crowne Plaza Charlotte Executive Park, located in Charlotte, NC;

K.  Courtyard by Marriott by Marriott Mahwah, located in Mahwah, NJ;

L.  Crowne Plaza White Plains Downtown, located in White Plains, NY;

6

  M. Staybridge Suites Dallas – Las Colinas Area, located in Irving, TX;

  N. Staybridge Suites San Antonio NW Medical Center, located in San Antonio, TX; and

  O. Staybridge Suites Herndon Dulles, located in Herndon, VA.

25. Defendants' policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

26. Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties managed by Defendants in the future and use the hotel's transportation services.

27. However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Staybridge Alpharetta and the Staybridge Atlanta Perimeter or using their shuttle service.

28. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendants' policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

29. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendants because of the lack of equivalent accessible transportation services at those hotels."

30. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

31. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

32. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' goods, services and facilities due to the policies and practices described above.

33. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

34. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
**Violations of 42 U.S.C. §§ 12181,** *et seq.*

35. Plaintiff incorporates by reference each and every allegation herein.

36. Plaintiff brings this claim individually and on behalf of the class.

37. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

38. Defendants, hospitality businesses, are public accommodations under the ADA. 42 U.S.C. § 12181(7).

39. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

40. Defendants operates fixed route systems and demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

41. For fixed route systems, Defendants must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

42. For demand responsive systems, Defendants must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C)

43. Defendants have engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels they own and/or manage are readily accessible to and usable by individuals with

disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

44. Moreover, by failing to provide accessible transportation, Defendants have engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendants' hotels;

b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control; and

d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

45. Defendants' ongoing and continuing violations of Title III have caused harm, and in the absence to an injunction will continue to cause harm, to the Plaintiff and the class.

46. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement as follows:

a. A Declaratory Judgment that at the commencement of this action Defendants' were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants failed to take action reasonably calculated to ensure that Defendants' transportation services were fully accessible to, and independently usable by, individuals with mobility disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501 which direct Defendants to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and

which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law.

  c. An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

  d. Payment of costs and reasonable attorneys' fees as provided for by law; and

  e. Such other additional or alternative relief as the Court finds just and proper.

Dated: May 10, 2018.  Respectfully submitted,

      By: */s/ Thomas A. Withers*
        Thomas A. Withers
        Ga. Bar No. 772250
        GILLEN WITHERS & LAKE, LLC
        8 E. Liberty Street
        Savannah, GA 31401
        Telephone: 912.447.8400
        Facsimile: 912.629-6347
        twithers@gwllawfirm.com

        Anthony C. Lake
        Ga. Bar No. 431149
        GILLEN WITHERS & LAKE, LLC
        3490 Piedmont Road, N.E.
        One Securities Centre, Suite 1050
        Atlanta, GA 30305
        Telephone: 404.842.9700
        Facsimile: 404.842.9750

aclake@gwllawfirm.com

*To Be Admitted Pro Hac Vice:*
R. Bruce Carlson
Kelly K. Iverson
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
kiverson@carlsonlynch.com